**TO: Clerk's Office**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**



**APPLICATION FOR LEAVE**
**TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

United States

      -v.-               23-M-488

Individual Named in Sealed Complaint

              Docket Number

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff\_\_\_\_ Defendant\_\_\_\_ DOJ ✔
Name: _Kayla Bensing_
Firm Name:_USAO EDNY_
Address:_ 271 Cadman Plaza East_
_____ Brooklyn, NY 11201_
Phone Number:_ 718-254-6279_
E-Mail Address:_kayla.bensing@usdoj.gov_

<u>INDICATE UPON THE PUBLIC DOCKET SHEET:</u> YES\_\_\_\_ NO ✔
**If yes, state description of document to be entered on docket sheet:**

_____

_____

_____

**A) If pursuant to a prior Court Order**:
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

**B) If a <u>new</u> application,** the statute, regulation, or other legal basis that authorizes filing under seal

flight risk_____

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY <u>NOT</u> BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn _____ , NEW YORK

     5/23/2023 _____ s/ James R. Cho

**U.S. MAGISTRATE JUDGE**_____

RECEIVED IN CLERK'S OFFICE_____
                           DATE

**MANDATORY CERTIFICATION OF SERVICE**:
**A.)** \_\_\_ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** \_\_\_ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:\_\_\_\_\_; or **C.)** ✔ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

    May 23, 2023 _____     _____
       DATE                        SIGNATURE

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   23-M-488 |
| Jiaxing Li | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Jiaxing Li                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment     ❏ Superseding Indictment     ❏ Information     ❏ Superseding Information     ☑ Complaint
❏ Probation Violation Petition     ❏ Supervised Release Violation Petition     ❏ Violation Notice     ❏ Order of the Court

This offense is briefly described as follows:

Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, 1951(a)

Date:      05/23/2023

City and state:    Brooklyn, New York

_____
s/ James R. Cho
*Issuing officer's signature*

_____
The Hon. James R. Cho
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____       _____<br>*Arresting officer's signature* |
| _____<br>*Printed name and title* |

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

_____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____        Weight: _____

Sex: _____        Race: _____

Hair: _____        Eyes: _____

Scars, tattoos, other distinguishing marks: _____

_____

History of violence, weapons, drug use: _____

_____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

_____

FBI number: _____

Complete description of auto: _____

_____

Investigative agency and address: _____

_____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

_____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

_____

LHE:MRG/KCB
F. #2021R00498

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

JIAXING LI,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

AFFIDAVIT AND COMPLAINT IN
SUPPORT OF APPLICATION
FOR ARREST WARRANT

(18 U.S.C. § 1951(a))

23-M-488

EASTERN DISTRICT OF NEW YORK, SS:

        GRACE CHAN, being duly sworn, deposes and states that she is a Special Agent

with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

        On or about and between April 20, 2021, and May 4, 2021, within the Eastern

District of New York and elsewhere, the defendant JIAXING LI, together with others, did

knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement

of articles and commodities in commerce, by robbery, to wit: the robbery of United States

currency, electronic devices and personal property from individuals engaged in prostitution at

hotels.

        (Title 18, United States Code, Section 1951(a))

        The source of your deponent's information and the grounds for her belief are as

follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

I.   Overview

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and
have worked in this capacity since January 2020.   During my tenure with the FBI, I have been
involved in the investigation of numerous cases involving organized crime, including Hobbs Act
robbery cases, and have utilized, among other investigative techniques, physical surveillance,
search warrants and debriefing of confidential sources and cooperating witnesses.   I am familiar
with the facts and circumstances set forth below from my participation in the investigation,
which includes, but is not limited to, my review of the investigative file, electronic
communications, geographic location information, bank records, travel records, video
surveillance, telephone records, interviews with witnesses, conversations with other law
enforcement officers involved in the investigation and law enforcement reports.

2.      The FBI and the New York City Police Department ("NYPD") are
investigating members of an organization running a prostitution business based in Queens, New
York, and operating throughout the United States (the "Organization").   On April 7, 2022, a
grand jury in the Eastern District of New York returned an indictment (the "Indictment")
charging nine individuals variously with racketeering conspiracy, sex trafficking conspiracy,
interstate prostitution and interstate prostitution conspiracy, money laundering conspiracy,
distribution of proceeds of a prostitution business, Hobbs Act robbery and robbery conspiracy,
assault with a dangerous weapon in-aid-of racketeering and access device fraud in relation to this
investigation.   See 22-CR-158 (ENV).   The Indictment is attached hereto as Exhibit A and
incorporated by reference herein.

II.     The Enterprise

3.      The Organization or "Enterprise," as defined in detail in Exhibit A,

operated at least in or about and between April 2019 and September 2021, both dates being

approximate and inclusive.

4.      A cooperating witness ("CW-1")[2] has informed law enforcement in sum

and substance and in part, that in or around late September 2020, one of the individuals charged

in the Indictment, MEIZHEN SONG, recruited CW-1 to help beat up prostitutes.   SONG

informed CW-1 that beating a prostitute fell within a legal "gap," where, because the women

were engaged in illegal conduct, law enforcement would not get involved.   Subsequently,

SONG added CW-1 to a WeChat group with additional participants, where CW-1 learned details

regarding various attacks on commercial sex workers in which CW-1 participated in exchange

for money.   CW-1 has identified the participants in the WeChat group, as well as subsequent

WeChat groups, as including a number of individuals charged in the Indictment, including

SONG, BO JIANG and RONG RONG XU, most of whom CW-1 met in person throughout the

course of the conspiracy.[3]   Through his participation in the conspiracy, CW-1 learned, in sum

and substance and in part, that a number of the assaults described below were directed because

<hr>

[2]     CW-1 has pled guilty to, among other crimes, racketeering, including predicate
acts of interstate prostitution, Hobbs Act robbery and robbery conspiracy and money laundering
conspiracy, among other crimes, in the Eastern District of New York pursuant to a cooperation
agreement.   CW-1 is cooperating in the hopes of receiving leniency at sentencing.   Information
provided by CW-1 has been corroborated in significant part by information provided by reports
by other witnesses, video surveillance and physical evidence, among other things.

[3]     CW-1 identified JIANG's WeChat handle as that belonging to a male leader in the
Enterprise.   Law enforcement later identified that individual as JIANG.   CW-1's identification
of the users of particular WeChat accounts is corroborated by substantial additional evidence in
this case, including but not limited to, the content of the WeChat communications, phone
records, location data, physical surveillance, witness testimony, and travel records, among other
things.

members of the conspiracy believed certain commercial sex worker victims were working for rival organizations and the co-conspirators wanted to drive the commercial sex workers and the rival organizations with which they were associated out of the area.

III.   LI's Participation in the Hobbs Act Robbery Conspiracy

A.   April 22, 2021, Hobbs Act Robbery and Assault – Overland Park Kansas – Holiday Inn

5.       In or around April 20, 2021, and April 22, 2021, the defendant JIAXING LI, as well as two co-conspirators, including an individual charged in the Indictment, CARLOS CURY, travelled to Overland Park, Kansas, from Queens, New York by car at the direction of XU and JIANG.   As set forth below, this trip resulted in the assault of an individual ("Jane Doe 15") at the Holiday Inn located at 10920 Nall Avenue in Overland Park on April 22, 2021.

6.       Specifically, Jane Doe 15 reported to law enforcement that she was assaulted in April 2021 by two males while engaged in commercial sex work at a hotel in Overland Park, Kansas.   Jane Doe 15 reported that one male purported to be a customer, came to her hotel room, engaged in sexual intercourse with her and paid her in cash, before he restrained her with one arm and allowed a second male to enter the room.   The second male assailant pointed what appeared to be a firearm at Jane Doe 15, and together he and the first male placed duct tape over Jane Doe 15's mouth and bound her hands and feet.   The men struck her across her head and face with what appeared to be a firearm, kicked her and hit her.   Jane Doe 15 reported that she lost consciousness during the assault.   The assailants stole Jane Doe 15's two cellular phones and cash.

7.       Communications prior to the assault between XU and another individual in the Indictment, SIYANG CHEN, demonstrate that the assault of Jane Doe 15 took place in furtherance of the Organization's activities.   Specifically, two days prior to the assault of Jane

Doe 15 in Overland Park, Kansas, at approximately 8:35 p.m. EDT on April 20, 2021, XU asked

CHEN via the messaging platform WeChat,[4] "Ask KS rival hotel address." A minute later, she

wrote: "I'm worried they switched hotels."   At approximately 8:40 p.m. EDT, CHEN wrote to

XU: "10920 Nall Avenue, KS 66211,…..switched."   That address—10920 Nall Avenue, KS,

66211—is the address of a Holiday Inn in Overland Park, Kansas.

        8.      LI served as a driver in connection with the April 2022, 2021 assault and

robbery, as demonstrated by, among other things, communications sent via the number (914)

621-6299, which is used by LI.   Specifically, at approximately 11:04 p.m. on April 20, 2021,

JIANG, via his TextNow account, wrote to CURY: "The driver you guys met last time. He will

call you. +1 (914) 621-6299."   As described below, there is probable cause to believe that the

number JIANG provided to CURY for the "driver" (the "6299 Number") was used by the

defendant JIAXING LI at all times relevant to this Complaint.   This number was serviced by T-

Mobile and AT&T during the relevant time period.   Although records obtained from T-Mobile

and AT&T do not show a subscriber name listed for the 6299 Number, a New York City Police

Department complaint from June 13, 2019, in which the defendant JIAXING LI was the

complainant in a subway assault case, identifies LI's cell phone number as the 6299 Number.

Further, LI's registered address with New York's Department of Motor Vehicles was a location

on Kissena Boulevard in Flushing, New York (the "Kissena Boulevard Address").   The user of

the 6299 Number provided, via text message, the Kissena Boulevard Address to XU on April 30,

2021, to obtain an identification card and cash for the "two trips plus gas and toll money."

---

[4]      I have reviewed all communications on WeChat described herein pursuant to
judicially-authorized search warrants.   Certain WeChat communications referenced herein took
place in Mandarin.   Where original communications were in Mandarin, I either reviewed or
prepared draft translations of such communications.   As noted, all such translations are in draft
form and subject to further review.

Further, historical cell site records from T-Mobile show that the 6299 Number was frequently located within a half mile of the Kissena Boulevard Address in the spring of 2021.

9.      At 11:20 p.m. EDT on April 20, 2021, JIANG told CURY: "Good see you guys at car rental center."   Records from Avis-Budget show that at approximately 11:51 p.m. EDT, a rental car under the name of another individual charged in the Indictment, RAYMOND YAN, was checked out of Avis at LaGuardia Airport in Queens, New York.

10.     At approximately 9:51 p.m. EDT on April 21, 2021, the defendant JIAXING LI, via the 6299 Number, sent XU a message which stated that they would arrive around four or five in the morning (of April 22, 2021).   XU asked why they would be arriving so late, and LI explained they slept the previous night and only set off in the morning.   XU asked LI, "can they do the work tomorrow [i.e., April 22, 2021]?"   LI responded, "Of course. The two of them are sleeping soundly in the car."

11.     At approximately 11:20 a.m. EDT on April 22, 2021, the Avis rental car checked out of the LaGuardia Airport Avis in YAN's name was checked into the Avis Kansas City Airport.   Approximately half an hour later, at 11:58 a.m. EDT, a Hertz car was rented under the name "YI YANG"[5] from the Kansas City Airport.   The defendant JIAXING LI, via the 6299 Number, and XU were in communication via text message throughout the return of the first car and rental of the second, which included, in part, the below communications:

a.   At approximately 12:34 p.m. EDT on April 22, 2021, XU asked LI: "Have they decided when they're taking action?"   LI responded: "Buying the tape now.   Probably after 12 [likely referring to CDT local time]."

---

[5] Based on my review of the travel records of the Individuals charged in the Indictment, "YI YANG" is a name that has frequently been used by the Organization in connection with travel bookings made in furtherance of assaults and robberies.

b.   At approximately 1:28 p.m. EDT on April 22, 2021, XU wrote to CURY: "Remember to take her phone."   CURY responded: "Yes."

c.   At approximately 1:34 p.m. EDT on April 22, 2021, LI wrote to XU: "We are there.   They are about to go in now."   LI then wrote, "That little brother asked me to check if anyone is outside, confirming if they fooled us last time.   Should I go or should I wait in the car?"   XU informed LI to check.   XU also instructed LI to park across from the hotel: "that way it's easier for you to pick them up when they come out."

12.     Historical cell site records obtained pursuant to a judicially-authorized warrant for a cell phone associated with CURY show that his phone was in the vicinity of the Overland Park assault (less than one mile away) on April 22, 2021 at approximately 1:43 p.m. EDT.

13.     At approximately 1:44 p.m. EDT, XU wrote to the defendant LI, "She found a good hotel. The hospital is right across the street. [crying-with-laughter emoji]."   At around the same time, at approximately 1:45 p.m. EDT, XU wrote to JIANG via WeChat, "The rival found a good hotel.   It's right across from the hospital.   Once assaulted, can go right across the street to the hospital."

14.     At approximately 1:46 p.m. EDT, XU wrote to JIANG: "I'm near their hotel.   Once they're done assaulting, I'll continue to stick around.   See if the girl reports it to the police."

15.     At approximately 1:52 p.m. EDT, the defendant JIAXING LI wrote XU via WeChat that "the two," who I believe to be CURY and a co-conspirator, just returned to the car and said the address switched to the hotel across the street, so they were heading to the new address now.   XU responded to LI: "I told them already that they switched hotels."   XU asked

LI if he believed the "*laowai* [i.e., the non-Asian] is capable."[6]   LI responded that he (the laowai) was fine, but that the Korean [i.e., believed to be the third co-conspirator] is "not so capable."   LI offered to talk further with XU after the trip.

   16. At approximately 1:55 p.m. EDT, XU wrote LI that she was nearby, so "once they get the cell phone, you bring it to me."   At approximately 2:27 p.m. EDT, XU wrote to JIANG via WeChat, "They've been inside for 20 minutes. I'm debating whether to call him." A minute later, XU wrote to JIANG: "they're out."

   17. At approximately 2:31 p.m. EDT, XU and CURY had the following exchange via text message:

> XU: send the video to boss. figure out the password. I
>    need it now
>
> CURY: okay
>
> XU: you took the naked pics?
>
> CURY: 123458. 123568

CURY then sent XU a photo of a topless Asian woman with duct tape over her mouth and what appeared to be a bruise between her eyes.   XU then responded, "incorrect password."   CURY then sent XU a 59-second long video of an Asian woman with duct tape over her mouth and around her wrists attempting to unlock her phone.   A male resembling CURY in build is visible on-screen, holding the phone out and asking the woman questions.   Towards the end, a male voice says "12358."   CURY and XU then exchanged the additional following messages via WeChat:

> CURY: omg thus dude did not record when i put her in the bathroom fkoor
>    and kick her

---

[6] CURY is not Asian.

XU:        12358 you guys missing one number

CURY:   123568

XU:        it's incorrect I t[ri]ed

18.    At approximately 2:39 p.m. EDT on April 22, 2021, JIANG and CURY

exchanged the following messages via text message:

JIANG:  whats the phone password. its all wrong.

CURY:   this.korean guy fucked up the video

CURY:   he.did.not.get.the.end when.i put her on the bathroom floor and kick her. he sucks as help complains too much.

JIANG:  I just want the video prove you guys hurting her. I don't give a fuck with password I just want get the video she is getting hurt man. Do you think this video can pricing 1k? For real bro? How'd I know she got hurt or not that's why I need the video If you guys didn't hurt her this time, she gonna laughing me for a while time wdf bro?

CURY:   he took.a.horrible video. the most important part was at the end when i.bring.her to the bathroom. you can ask the driver, i told him before we left the car to make sure he takes a good video.

                          *        *        *

CURY:   i kicked her 3 times and then stomped on her twice in the bathroom floor as the shower was running so she would not make alot of noise.

JIANG:  Bro I speed[sic] a lot money for this time whatever do not mess up next time

CURY:   but the video only shows when she gets up fron the bed to go.to.the bathroom

19.    At approximately 7:00 p.m. EDT on April 22, 2021, the defendant

JIAXING LI, CURY, and the third co-conspirator were stopped by Missouri Highway Patrol in

Warren, Missouri, which is approximately three hours northeast of Overland Park, Kansas.   LI

was the driver.   The car in which they were pulled over was the same car that was checked out

under YI YANG's name from the Kansas City Airport Hertz earlier that day.   Missouri

Highway Patrol arrested CURY and the third co-conspirator for possession of methamphetamine.

At approximately 7:47 p.m. EDT, LI, using the 6299 Number, wrote via text message to XU

about the stop: "I said I was Yi Yang's cousin."   XU asked him: "Was the BB gun discovered?"

LI responded, "I said we had one.   That's not a big deal."

        20.    At approximately 1:16 a.m. EDT on April 23, 2021, CHEN and XU had

the following exchange via WeChat:

> CHEN:  the girl's nude photos, cell phone. prepare. in case [she] actually
> reports it to the police.
>
> XU:    after 2-3 hours [without reporting], she probably won't report it.
> Their beating this time was nowhere near severe enough.
>
> CHEN:  be prepared, just in case.
>
> XU:    [Another co-conspirator] says even if the woman actually reports it,
> [we] can't send them.
>
> CHEN:  Why not?
>
> XU:     It's only a psychological tactic.
>
> CHEN:  Why not send them?
>
> XU:    This time, the assailants didn't even get the girl's cell phone
> passcode. No way to send. I cannot let [another co-conspirator's] or
> my own WeChat be used to send them in the group chat. Can only
> use the girl's own WeChat to send them, but [they] didn't get the
> passcode.
>
>                   *       *       *
>
> XU:    I don't think they will report it to the police. The girl told the *laowai*
> the passcode. She didn't know that the *laowai* did not remember it.

21.     Records from Holiday Inn, 10920 Nall Avenue, Overland Park, Kansas show that Jane Doe 15 checked into the hotel on April 20, 2021 and checked out on April 23, 2021, the day after she was assaulted.

> B. <u>May 4, 2021 – Hobbs Act Robbery and Assault – Manchester, New Hampshire – Best Western</u>

22.     Less than two weeks after the April 22, 2021 assault in Overland Park, Kansas described above, on May 4, 2021, LI participated in the Hobbs Act robbery and assault of another victim.

23.     Specifically, at approximately 7:00 p.m. EDT, local police officers responded to a Best Western hotel located at 13500 S. Willow Street in Manchester, New Hampshire, in response to a hotel guest reporting hearing a loud crash and what sounded like one male and one female screaming at each other and then struggling with each other in a nearby room.   Upon law enforcement's arrival, a hotel staff member stated that at approximately 6:50 p.m. EDT, he was doing maintenance near room 113 and heard a loud scream.   As he walked toward the room, two males exited the room and said something to the effect of "don't worry, she's crazy."   Officers did not see the female but located torn duct tape on the floor and condoms in the room.   While the officers were on the scene, they received a report of an Asian female ("Jane Doe 16") with a bloody face wandering around the neighborhood behind the hotel. The officers located her and identified her by name.   The officers observed that Jane Doe 16 had multiple facial lacerations, as well as swelling and bruising on a majority of her face.   The medical responder advised Jane Doe 16 that she appeared to have a broken nose, but Jane Doe 16 declined medical attention.   Jane Doe 16 stated she was tied up and beaten by her boyfriend, who also stole unspecified belongings.

24.     In a subsequent interview with law enforcement, Jane Doe 16 stated in sum and substance and in part that she was assaulted by two males while engaged in commercial sex work.   She further stated that one man entered her room and pulled out what appeared to be a handgun.   While pointing the gun at Jane Doe 16, the male took out a condom and demanded that she have sex with him, which she did.   After they had sex, the male appeared to text someone and a second male arrived.   When Jane Doe 16 looked through the peephole, she saw a man lifting up his shirt to display a gun on his waistband.   The first male then grabbed Jane Doe 16's hair and used his gun to strike her forcefully across the back of her head and on her face. The male kicked and stomped her all over her body while demanding money.   The male dragged her to the bed by her hair, pressed her head into the bed, and hit her head some more.   The male then dragged her to the door to open the door for the person outside.   After the second male entered, both of them kicked and stomped on her whole body.   She was crying, so they turned the television up to a very loud volume.   Jane Doe 16 lost consciousness during the assault. When she came to, her arms and legs were tied up in black-colored duct tape, and her mouth was also covered by tape.   Jane Doe 16's head was also wrapped up in a bedsheet.   Both men were gone, and the room was completely ransacked.   The two men took all of her cash, which was approximately $18,000, her two cell phones, and an iPad.

25.     With respect to the assault of Jane Doe 16, I have reviewed the following WeChat communications relevant to this Complaint:

a.   Beginning at approximately 2:28 p.m. EDT on April 29, 2021 (approximately five days before the May 4, 2021 assault), XU and CURY exchanged messages about when CURY could travel to Manchester, New Hampshire.

b.   At approximately 10:54 a.m. EDT on May 3, 2021, the defendant LI, using the 6299 Number, texted XU, "*Laowai* [i.e., the non-Asian] said he found the person."   LI then confirmed with XU that they were leaving that day.   Shortly thereafter, XU told LI that she had rented the car for him: "9501 Ditmars Blvd, East Elmhurst NY.   This is the car rental address, the company is Alamo."   However, the trip was called off shortly thereafter because, according to a message from LI to XU at approximately 11:35 a.m. EDT: "The person that the white guy found fled.   We had just gotten into the uber and he ran off."

c.   At approximately 10:34 a.m. EDT on May 4, 2021, LI texted XU that he had met up with CURY.   LI wrote, "He found another Asian person. Not the one before."   XU asked LI to ask the person if he was Korean; LI replied affirmatively.   At approximately 10:39 a.m. EDT, XU wrote to LI: "25 Bowery Bay Blvd, Flushing NY 11371. AVIS."   A minute later, she wrote: "Did you bring the sim card I gave you last time?"   LI responded affirmatively.

d.   At 11:06 a.m. EDT, LI told XU he was done renting the car, and XU responded, "Then you guys can set off."   LI wrote to XU: "21 Front St, Manchester NH; is this the address?"   XU wrote: "I gave you the address last time" before responding "right."

e.   At approximately 11:49 a.m. EDT on May 4, 2021, CURY wrote to JIANG: "we are on.the way."

f.   At approximately 1:48 p.m. EDT on May 4, 2021, LI informed XU that they would probably arrive around 4:00 p.m.   XU asked why it would take so long.   LI responded, "The *laowai* [non-Asian] needs to buy something. BB gun and whatnot."   XU asked, "Didn't he bring the gun?"   LI responded, "He lost the last one."

g.   At approximately 2:18 p.m. EDT on May 4, 2021, CURY wrote to JIANG: "so yesterday in elmhurst the bb gun was stolen so we stopped to buy one and the duct. duct tape. but

should arrive by   4 to 415."   At the same time, also approximately 2:18 p.m. EDT, LI texted XU: "We drove to a walmart. They went to buy the gun." XU: "ok."   Over an hour later, XU texted LI: "Almost there?"   LI responded: "That white guy contacted the boss and said they need to get a bb gun. We are still near the Walmart." XU: "still didn't buy one yet?"   LI: "He is buying it now."   At 3:37 p.m. EDT, LI texted XU: "Done buying, leaving now."

  h.   At approximately 5:10 p.m. EDT, LI told XU that they had arrived at the hotel, and that he was parked across the street, but he could see the entrance.   The next message in the text exchange is at approximately 6:01 p.m. EDT, when LI texted XU: "We have arrived, new address, the white guy went in."   XU responded: "Ok."

  i.   At approximately 7:26 p.m. EDT, XU wrote to JIANG over WeChat: "the *laowai* [non-Asian] is finished assaulting."

  26.   Historical cell site records obtained pursuant to a judicially-authorized warrant for CURY's phone show that at approximately 5:57 p.m. EDT on May 4, 2021, it pinged at the cell tower located at 800 Harvey Road in Manchester, New Hampshire, which is approximately a mile from the Best Western at which Jane Doe 16 was assaulted.

  27.   JIANG sent XU a screenshot of a WeChat communication between JIANG and LI (under the contact "Little Brother Li Jiaxing"), which contained the following exchange:

    LI:    93 for one uber trip
          20 for first uber to car rental, *laowai* was no-show
          16 to transport *laowai* to car rental
          165 brothel needed cash, I took out my own money
          20 to fill up gas for rental car return
          total 314

          since we went upstate, no tolls

          194.40 gun

30 gas
these two items was charged directly to the credit card I was given

28.     Although the screenshot referenced in the preceding paragraph is undated, the screenshot appears to refer to expenses incurred for the May 4, 2021 assault.   Statements obtained from Bank of America show that a credit card in the name of "YI YANG" had the following two charges, dated May 4, 2021: a charge of $194.40 at X FIRE PAINTBALL in Auburn, Massachusetts, and a charge of $30.08 at Shell Oil in Willington, Connecticut.   These two charges approximately match two expenses, "194.40 gun" and "30 gas" that LI stated were charged to the credit card he was provided.   In addition, T-Mobile historical cell site records for the 6299 Phone place the phone in the vicinity of Oxford, Massachusetts, approximately two miles from the location of the X FIRE PAINTBALL in Auburn, Massachusetts, where the group purchased a gun to be used in the assault.

WHEREFORE, your deponent respectfully requests that the defendant JIAXING LI, be dealt with according to law.

GRACE CHAN
Special Agent, Federal Bureau of Investigation

Sworn to before me this 23rd day
of May, 2023 by telephone

s/ James R. Cho

THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

Clerk's Office
Filed Date: 4/7/22

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

EAG:MRG/KCB/SMS
F. #2021R00498

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

SIYANG CHEN,
SIYU CHEN,
    also known as "Ban Ban,"
CARLOS CURY,
BO JIANG,
MEIZHEN SONG,
    also known as "Die Die,"
ZERONG TANG,
RONG RONG XU,
    also known as "Eleanor,"
JIARUN YAN,
    also known as "Raymond
    Yan" and "Mike," and
JILONG YU,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____ :22-cr-00158(AMD)(RML)

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1),
982(a)(2)(B), 982(b)(1), 1029(a)(5),
1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2),
1594(c), 1951(a), 1956(h), 1959(a)(3),
1952(a)(1)(A), 1952(b)(1), 1962(d), 1963, 1963(a),
1963(m), 2422(a), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### The Enterprise

1.      The defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban,"

CARLOS CURY, BO JIANG, MEIZHEN SONG, also known as "Die Die," ZERONG TANG,

RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan"

and "Mike," and JILONG YU, together with others, were leaders, members and associates of an

organization (the "Organization" or the "Enterprise") engaged in, among other things, sex

trafficking, interstate prostitution, robbery, money laundering and access device fraud. Leaders,

members and associates of the Organization constituted an "enterprise" as defined by Title 18,

United States Code, Section 1961(4), that is, a group of individuals associated in fact that

engaged in, and the activities of which affected, interstate and foreign commerce. The

Enterprise constituted an ongoing organization whose members functioned as a continuing unit

for a common purpose of achieving the objectives of the Enterprise.

       2.     The Organization operated within the Eastern District of New York and

throughout the United States, including Hawaii, Kansas, Michigan, Missouri, Nebraska, New

Hampshire, Oklahoma, Oregon, Texas and Washington.

Purposes of the Enterprise

       3.     The purposes of the Enterprise included the following:

       (a)     enriching the members and associates of the Enterprise through

criminal activity, including but not limited to sex trafficking, interstate prostitution, assault,

robbery and access device fraud;

       (b)     promoting and enhancing the prestige, reputation and position of

the Enterprise with respect to rival criminal organizations;

       (c)     preserving and protecting the power, territory and criminal

ventures of the Enterprise through the use of intimidation, threats of violence and acts of

violence, including robbery and assault;

       (d)     keeping victims and rivals in fear of the Enterprise and its

members and associates; and

3

           (e)      concealing the Enterprise and the activities of its leaders, members and associates from law enforcement through criminal activity, including but not limited to money laundering.

Means and Methods of the Enterprise

           4.      Among the means and methods by which members and associates of the Enterprise conducted and participated in the conduct of the affairs of the Enterprise were the following:

           (a)      Members and associates of the Enterprise recruited and caused women to engage in prostitution in the United States, keeping and maintaining identification documents from the women in order to maintain control over the women.

           (b)      Members and associates of the Enterprise arranged to transport, and did transport, women to engage in prostitution at hotels and other locations in various states, including but not limited to Hawaii, Kansas, Michigan, Missouri, Nebraska, New Hampshire, Oklahoma, Oregon, Texas and Washington.

           (c)      Members and associates of the Enterprise arranged to acquire and transport, and did acquire and transport, financial proceeds from women engaged in prostitution at the direction of the Enterprise at hotels and other locations in various states, including but not limited to Hawaii, Kansas, Michigan, Missouri, Nebraska, New Hampshire, Oklahoma, Oregon, Texas and Washington.

           (d)      Members and associates of the Enterprise committed, attempted to commit, conspired to commit, and threatened to commit acts of violence, including assaults and violent robberies, in order to protect and expand the Enterprise's criminal operation.

(e)     Members and associates of the Enterprise engaged in conduct designed to prevent detection of their identities, their illegal activities and the location of proceeds of those activities.

## COUNT ONE
(Racketeering Conspiracy)

5.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6.     In or about and between April 2019 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban," BO JIANG, MEIZHEN SONG, also known as "Die Die," RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, each being a person employed by and associated with the Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Organization through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1961(1) and 1961(5), which pattern of racketeering activity consisted of multiple acts indictable under:

(a)     Title 18, United States Code, Section 1029 (relating to access device fraud);

(b)     Title 18, United States Code, Section 1591 (relating to sex trafficking);

(c)     Title 18, United States Code, Section 1951 (relating to interference with commerce by robbery or extortion);

5

             (d)      Title 18, United States Code, Sections 1952 (relating to Travel Act

violations);

             (e)      Title 18, United States Code, Section 1956 (relating to money

laundering); and

             (f)      Title 18, United States Code, Section 2422 (relating to interstate

prostitution).

It was part of the conspiracy that each defendant agreed that a conspirator would commit at least

two acts of racketeering activity in the conduct of the affairs of the Organization.

          (Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT TWO
(Sex Trafficking Conspiracy)

        7.      The allegations contained in paragraphs one through four are realleged and

incorporated as if fully set forth in this paragraph.

        8.      In or about and between April 2019 and September 2021, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban," BO JIANG, MEIZHEN

SONG, also known as "Die Die," RONG RONG XU, also known as "Eleanor," JIARUN YAN,

also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, did

knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and

maintain by any means one or more persons, in and affecting interstate and foreign commerce,

and to benefit, financially and by receiving things of value, from participation in a venture which

engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of

force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a

combination of such means, would be used to cause one or more persons to engage in one or

more commercial sex acts, which offense was effected by means of force, threats of force, fraud and coercion, and a combination of such means, contrary to Title 18, Untied States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

## COUNT THREE
(Interstate Prostitution Conspiracy)

9.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

10.     In or about and between April 2019 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban," CARLOS CURY, BO JIANG, MEIZHEN SONG, also known as "Die Die," ZERONG TANG, RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, did knowingly and willfully conspire to persuade, induce, entice and coerce one or more individuals to travel in interstate and foreign commerce to engage in prostitution, contrary to Title 18, United States Code, Section 2422(a).

11.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, SIYU CHEN, CARLOS CURY, BO JIANG, MEIZHEN SONG, ZERONG TANG, RONG RONG XU, JIARUN YAN and JILONG YU, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

   (a)  In or about and between April 2019 and May 2019, the defendant RONG RONG XU, together with others, directed Jane Doe #1, an individual whose identity is known to the Grand Jury, to travel outside of New York to engage in prostitution;

   (b)  In or about April 2019, the defendant JIARUN YAN traveled to Kansas to collect money from Jane Doe #1;

   (c)  On or about January 8, 2020, the defendants RONG RONG XU and JIARUN YAN, together with others, assaulted and robbed Jane Doe #2, an individual whose identity is known to the Grand Jury, in Beaverton, Oregon;

   (d)  On or about March 20, 2020, the defendants SIYANG CHEN and JIARUN YAN, together with others, assaulted and robbed Jane Doe #3, an individual whose identity is known to the Grand Jury, in Overland Park, Kansas;

   (e)  On or about September 28, 2020, the defendants RONG RONG XU and SIYU CHEN, together with others, assaulted and robbed a woman in Omaha, Nebraska;

   (f)  On or about and between October 4, 2020 and October 5, 2020, the defendants BO JIANG and MEIZHEN SONG, together with others, directed members of the Organization to assault and rob a woman in Midland, Texas;

   (g)  On or about October 9, 2020, the defendants MEIZHEN SONG and RONG RONG XU, together with others, assaulted and robbed Jane Doe #4, an individual whose identity is known to the Grand Jury, in Omaha, Nebraska;

   (h)  In or about October 2020, the defendant JIARUN YAN collected money in Flushing, New York from a woman;

(i)     On or about October 26, 2020, the defendants MEIZHEN SONG and RONG RONG XU, together with others, directed members of the Organization to transport a woman from Kansas City, Missouri to Omaha, Nebraska;

(j)     On or about November 5, 2020, the defendants BO JIANG and RONG RONG XU, together with others, directed members of the Organization to assault and rob Jane Doe #5 and Jane Doe #6, individuals whose identities are known to the Grand Jury, in Portland, Oregon;

(k)     On or about November 5, 2020, the defendant BO JIANG directed members of the Organization to collect money from a woman in Portland, Oregon;

(l)     On or about November 16, 2020, the defendants BO JIANG and RONG RONG XU, together with others, directed members of the Organization to assault and rob Jane Doe #7, an individual whose identity is known to the Grand Jury, in Overland Park, Kansas;

(m)     On or about November 24, 2020, the defendants RONG RONG XU and JILONG YU, together with others, directed members of the Organization to assault and rob Jane Doe #8, an individual whose identity is known to the Grand Jury, in Southfield, Michigan;

(n)     On or about November 24, 2020, the defendant RONG RONG XU directed members of the Organization to travel to Troy, Michigan to collect money from a woman;

(o)     On or about November 25, 2020, the defendants RONG RONG XU and JILONG YU, together with others, directed members of the Organization to assault and rob Jane Doe #1 in Beaverton, Oregon;

(p)     On or about December 6, 2020, the defendants RONG RONG XU and JILONG YU, together with others, directed members of the Organization to assault and rob Jane Doe #9, an individual whose identity is known to the Grand Jury, in Southfield, Michigan;

(q)     On or about April 17, 2021, the defendant ZERONG TANG traveled from LaGuardia Airport in Queens, New York to Kansas City, Missouri to pick up a key for an apartment in Overland Park, Kansas;

(r)     On or about April 17, 2021, the defendant ZERONG TANG made a cash deposit of $4,000 at an ATM in Overland Park, Kansas;

(s)     On or about and between April 22, 2021 and April 24, 2021, the defendant CARLOS CURY, together with others, drove from Kansas City, Missouri to Queens, New York; and

(t)     On or about May 25, 2021, the defendant CARLOS CURY, together with others, assaulted and robbed Jane Doe #10, an individual whose identity is known to the Grand Jury, in Southfield, Michigan.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT FOUR
(Money Laundering Conspiracy)

12.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

13.     In or about and between April 2019 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, BO JIANG, ZERONG TANG, MEIZHEN SONG, also known as "Die Die," RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, did knowingly and

intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which in fact involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activities, contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FIVE
(Distribution of Proceeds of a Prostitution Business)

14.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between April 2019 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, BO JIANG, MEIZHEN SONG, also known as "Die Die," ZERONG TANG, RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the States in which they were committed and of the United States, and thereafter did knowingly

and intentionally perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(1)(A), 1952(b)(1), 2 and 3551 et seq.)

## COUNT SIX
(Interstate Prostitution – Jane Doe #1)

16.     In or about and between April 2019 and May 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, RONG RONG XU, also known as "Eleanor," and JIARUN YAN, also known as "Raymond Yan" and "Mike," together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

## COUNT SEVEN
(Hobbs Act Robbery Conspiracy)

17.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

18.     On or about and between January 2020 and September 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN, SIYU CHEN, also known as "Ban Ban," CARLOS CURY, BO JIANG, MEIZHEN SONG, also known as "Die Die," RONG RONG XU, also known as "Eleanor," JIARUN YAN, also known as "Raymond Yan" and "Mike," and JILONG YU, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the

robbery of United States currency, electronic devices and personal property from individuals engaged in prostitution at hotels.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

### COUNT EIGHT
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #2)

19.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

20.     At all times relevant to this Indictment, the Organization, including its leaders, members and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.   The Organization constituted an ongoing organization whose leaders, members, and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Organization.

21.     At all times relevant to this Indictment, the Organization, through its leaders, members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts indictable under Title 18, United States Code, Sections 1029, 1591, 1951, 1952, 1956, 2422 (involving access device fraud, sex trafficking, interference with commerce by robbery or extortion, Travel Act violations, money laundering and interstate prostitution, respectively).

22.     On or about January 8, 2020, within the Eastern District of New York and elsewhere, the defendants RONG RONG XU and JIARUN YAN, also known as "Raymond Yan" and "Mike," together with others, for the purpose of maintaining and increasing position in

the Organization did knowingly and intentionally assault Jane Doe #2 with a dangerous weapon, in violation of Oregon Revised Statutes Sections 163.175(1)(a) and (b) and 161.155.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT NINE
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #3)

23.     The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

24.     On or about March 20, 2020, within the Eastern District of New York and elsewhere, the defendants SIYANG CHEN and JIARUN YAN, also known as "Raymond Yan" and "Mike," together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe #3 with a dangerous weapon, in violation of Kansas Statutes Annotated Sections 21-5412(b)(1) and 21-5210.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT TEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering)

25.     The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

26.     On or about October 5, 2020, within the Eastern District of New York and elsewhere, the defendants SIYU CHEN, also known as "Ban Ban," BO JIANG, MEIZHEN SONG, also known as "Die Die," and RONG RONG XU, also known as "Eleanor," together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault an individual

with a dangerous weapon, in violation of Vernon's Texas Statutes and Codes Annotated Sections 22.02(a)(2), 7.01 and 7.02.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT ELEVEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #4)

27.     The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

28.     On or about October 9, 2020, within the Eastern District of New York and elsewhere, the defendants MEIZHEN SONG, also known as "Die Die," and RONG RONG XU, also known as "Eleanor," together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe #4 with a dangerous weapon, in violation of Nebraska Revised Statutes Sections 28-309(1)(a) and 28-206.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TWELVE
(Assault with a Dangerous Weapon and Resulting in Serious Bodily Injury
In-Aid-Of Racketeering – Jane Doe #5)

29.     The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

30.     On or about November 5, 2020, within the Eastern District of New York and elsewhere, the defendants BO JIANG and RONG RONG XU, also known as "Eleanor," together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault

Jane Doe #5 with a dangerous weapon and resulting in serious bodily injury, in violation of

Oregon Revised Statutes Sections 163.175(1)(a), 163.175(1)(b) and 161.155.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Assault with a Dangerous Weapon and Resulting in Serious Bodily Injury
In-Aid-Of Racketeering – Jane Doe #6)

31.     The allegations contained in paragraphs one through four, and twenty

through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

32.     On or about November 5, 2020, within the Eastern District of New York

and elsewhere, the defendants BO JIANG and RONG RONG XU, also known as "Eleanor,"

together with others, for the purpose of maintaining and increasing position in the Organization,

an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe

#6 with a dangerous weapon and resulting in serious bodily injury, in violation of Oregon

Revised Statutes Sections 163.175(1)(a), 163.175(1)(b) and 161.155.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Assault with a Dangerous Weapon and Resulting in Serious Bodily Injury
In-Aid-Of Racketeering – Jane Doe #7)

33.     The allegations contained in paragraphs one through four, and twenty

through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

34.     On or about November 16, 2020, within the Eastern District of New York

and elsewhere, the defendants BO JIANG and RONG RONG XU, also known as "Eleanor,"

together with others, for the purpose of maintaining and increasing position in the Organization,

an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe

#7 with a dangerous weapon and resulting in serious bodily injury, in violation of Kansas

Statutes Annotated Sections 21-5412(b)(1), 21-5413(b)(1)(A), 21-5413(b)(1)(B) and 21-5210.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #8)

35.     The allegations contained in paragraphs one through four, and twenty

through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

36.     On or about November 24, 2020, within the Eastern District of New York

and elsewhere, the defendants BO JIANG, RONG RONG XU, also known as "Eleanor," and

JILONG YU, together with others, for the purpose of maintaining and increasing position in the

Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally

assault Jane Doe #8 with a dangerous weapon, in violation of Michigan Compiled Laws

Annotated Sections 750.82(1) and 767.39.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #1)

37.     The allegations contained in paragraphs one through four, and twenty

through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

38.     On or about November 25, 2020, within the Eastern District of New York

and elsewhere, the defendants BO JIANG, RONG RONG XU, also known as "Eleanor," and

JILONG YU, together with others, for the purpose of maintaining and increasing position in the

Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally

assault Jane Doe #1 with a dangerous weapon, in violation of Oregon Revised Statutes Sections 163.175(1)(b) and 161.155.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT SEVENTEEN
(Access Device Fraud)

39.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

40.     On or about and November 26, 2020, within the Eastern District of New York and elsewhere, the defendants SIYU CHEN, also known as "Ban Ban," BO JIANG, MEIZHEN SONG, also known as "Die Die," RONG RONG XU, also known as "Eleanor," and JILONG YU, together with others, did knowingly and with intent to defraud effect transactions with one or more access devices, to wit: credit cards, issued to one or more persons to receive payments and other things of value, aggregating $1,000 or more during a one-year period, in a matter affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), 2 and 3551 et seq.).

### COUNT EIGHTEEN
(Assault with a Dangerous Weapon In-Aid-Of Racketeering – Jane Doe #9)

41.     The allegations contained in paragraphs one through four, and twenty through twenty-one, are realleged and incorporated as if fully set forth in this paragraph.

42.     On or about December 6, 2020, within the Eastern District of New York and elsewhere, the defendants RONG RONG XU, also known as "Eleanor," and JILONG YU, together with others, for the purpose of maintaining and increasing position in the Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe

#9 with a dangerous weapon, in violation of Michigan Compiled Laws Annotated Sections

750.82(1) and 767.39.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT NINETEEN
(Interstate Prostitution – Jane Doe #10)

43.     The allegations contained in paragraphs one through four are realleged and

incorporated as if fully set forth in this paragraph.

44.     In or about and between February 2020 and February 2021, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants RONG RONG XU, also known as "Eleanor," and JIARUN YAN, also known as

"Raymond Yan" and "Mike," together with others, did knowingly and intentionally persuade,

induce, entice and coerce an individual, to wit: Jane Doe #10, to travel in interstate to engage in

prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

COUNT TWENTY
(Hobbs Act Robbery – Jane Doe #10)

45.     The allegations contained in paragraphs one through four are realleged and

incorporated as if fully set forth in this paragraph.

46.     On or about May 25, 2021, within the Eastern District of New York and

elsewhere, the defendant CARLOS CURY, together with others, did knowingly and intentionally

obstruct, delay and affect commerce, and the movement of articles and commodities in

commerce, by robbery, to wit: the robbery of United States currency, electronic devices and

personal property from an individual engaged in prostitution, to wit: Jane Doe #10, at an

Extended Stay America Hotel in Overland Park, Kansas.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

47. The United States hereby gives notice to the defendants charged in Count

One that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 1963(a), which requires any person

convicted of such offense to forfeit: (a) any interest the person acquired or maintained in

violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim

against, or property or contractual right of any kind affording a source of influence over, any

enterprise which the person has established, operated, controlled, conducted or participated in the

conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property

constituting, or derived from, any proceeds which the person obtained, directly and indirectly,

from racketeering activity in violation of Title 18, United States Code, Section 1962.

48. If any of the above-described forfeitable property, as a result of any act or

omission of such defendants:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to

seek forfeiture of any other property of such defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE, FIVE THROUGH SEVEN, NINETEEN AND TWENTY

49.     The United States hereby gives notice to the defendants charged in Counts

Three, Five through Seven, Nineteen and Twenty that, upon their conviction of such offenses,

the government will seek forfeiture in accordance with Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person

convicted of such offenses to forfeit any property, real or personal, constituting, or derived from,

proceeds obtained directly or indirectly as a result of such offenses.

50.     If any of the above-described forfeitable property, as a result of any act or

omission of such defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of such defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

51.     The United States hereby gives notice to the defendants charged in Count Four that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

52.     If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT SEVENTEEN

53.     The United States hereby gives notice to the defendants charged in Count

Seventeen that, upon their conviction of such offense, the government will seek forfeiture in

accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any

person convicted of such offense to forfeit any property constituting, or derived from, proceeds

obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code,

Section 1029(c)(1)(C), which requires any person convicted of such offense to forfeit any

personal property used or intended to be used to commit the offense.

54.     If any of the above-described forfeitable property, as a result of any act or

omission of such defendants:

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the court;
>
> (d)     has been substantially diminished in value; or
>
> (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1), 1029(c)(1)(C) and 1029(c)(2); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

Case 1:22-cr-00158-AMD *SEALED*   Document 1   Filed 04/07/22   Page 24 of 24 PageID #: 24

F.# 2021R00498
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

SIYANG CHEN, *et. al.*

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(b)(1), 1029(a)(5),
1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2), 1594(c), 1951(a), 1956(h),
1959(a)(3), 1952(a)(1)(A), 1952(b)(1), 1962(d), 1963(a), 1963(m), 2422(a), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                    *Clerk*

*Bail, $* _____

*Matthew R. Galeotti, Kayla C. Bensing and Sophia M. Suarez, Assistant U.S. Attorneys 718-254-7000*